DOMENGEAUX, Judge.
Plaintiff, Ledell White, was a guest passenger in a truck owned by Energy Drilling Company, Inc. and driven by one of its employees, Henry E. Walker, deceased. Apparently, Walker was driving the truck at a high rate of speed when he failed to negotiate a curve in the road. The vehicle overturned, killing Walker and injuring Le-dell White.
White sought to recover damages for injuries he incurred in the accident by filing this suit against Energy Drilling Company, Inc. and its unnamed motor vehicle insurance carrier. He also sued Henry E. Walker, deceased, the Estate of Henry E. Walker, and his unnamed motor vehicle insurance carrier.[1] Neither of the unnamed insurers referred to herein were ever cited to appear or served with process during these proceedings.
Judgment was rendered by the trial court in favor of Energy Drilling Company and against Ledell White, on the basis that Henry E. Walker had been acting outside the course and scope of his employment at the time of the accident, and thus could not subject Energy Drilling Company to liability for his tortious conduct. No judgment was rendered in the plaintiff’s suit against *321 the named defendants, Henry E. Walker, deceased, and the Estate of Henry E. Walker.
The plaintiff appeals and makes only one specification of error, that being that the trial judge erred in holding that Henry E. Walker did not have permission to use the Energy Drilling Company truck such that their motor vehicle insurer carrier could not be held liable in damages.
However, this Court is without authority to rule on this proposition. The reason for this is that personal jurisdiction was never obtained over Energy Drilling Company’s motor vehicle insurance carrier.
La.C.C.P. Article 6 describes the methods in which jurisdiction over the person can be obtained:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.”
Furthermore, La.C.C.P. Article 1201 describes the effects of failing to serve a party with the citation:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”
The plaintiff in the case at hand attempted to bring Energy Drilling Company’s insurance carrier into the proceeding by referring to it as the “. .. unnamed motor vehicle insurance carrier ...” in his petition. However, no service of process was ever made on any company (if one even exists) or on any agent authorized to receive service of process. No insurer ever submitted itself to the exercise of personal jurisdiction over it by the trial court, or expressly or impliedly waived any rights to object to the assertion of such jurisdiction.
In fact, the identity of Energy Drilling Company’s insurer was never disclosed whatsoever. The plaintiff vainly attempted to discover the identity of the insurer by filing interrogatories to Energy Drilling Company on March 24, 1982. But the defendant correctly objected to these interrogatories on the basis that they were untimely since they were filed after completion of trial on the merits. In this connection, this Court stated in LeBlanc v. Consolidated Aluminum Company, 401 So.2d 1082 (La.App. 3rd Cir.1981), writ denied 409 So.2d 617 (La.1981), that:
“... To complain on the trial date, if in fact he did, is too late. Of what benefit could even a favorable ruling have been to him on that date? Interrogatories are a discovery device designed for use in preparation for trial; and discovery should be complete sufficiently in advance of trial.”
The issue propounded by the plaintiff on appeal cannot be resolved by this Court absent a showing of personal jurisdiction over Energy Drilling Company’s insurer. We find the record devoid of any proof that such jurisdiction was ever obtained.
For the above and foregoing reasons, plaintiff’s appeal is dismissed.
All costs at trial and on appeal are assessed against Ledell White.
APPEAL DISMISSED.

. This party claimed in its answer that it should have been designated as the “Unopened Succession of Henry E. Walker” rather than the “Estate of Henry E. Walker”. The plaintiff made no subsequent amendment to his petition in this regard.